386 P.3d 1277

**DOUBLE AA BUILDERS, LTD.,**
an Arizona corporation,
Plaintiff/Appellee,

v.

**PREFERRED CONTRACTORS INSURANCE COMPANY, LLC, a Montana company, Defendant/Appellant.**

No. 1 CA–CV 15–0375

Court of Appeals of Arizona,
Division 1.

FILED 12/30/2016

Holden Willits PLC, Phoenix, By Michael J. Holden, Barry A. Willits, R. Stewart Halstead, Nelson A.F. Mixon, Counsel for Plaintiff/Appellee

Broening Oberg Woods & Wilson PC, Phoenix, By Robert T. Sullivan, Alicyn M. Freeman, Kevin R. Myer, Counsel for Defendant/Appellant

Judge Peter B. Swann delivered the opinion of the court, in which Presiding Judge Andrew W. Gould and Judge Patricia A. Orozco joined.

## OPINION

SWANN, Judge:

¶ 1 This is an appeal from the entry of summary judgment in favor of a general contractor that sought recovery from its subcontractor's insurer (under which it was named as an "Additional Insured") for the cost of replacing the subcontractor's faulty work. The superior court held that coverage existed and entered summary judgment in favor of the contractor. We reverse and remand for entry of summary judgment in favor of the insurer. We hold that coverage was unavailable under the policy's "your work" exclusion, and that the "subcontractor exception" to that exclusion does not apply.

## FACTS AND PROCEDURAL HISTORY

¶ 2 In 2007, Harkins Theatres hired Double AA Builders, Ltd., to serve as general contractor for the construction of a theater complex. Double AA subcontracted with Anchor Roofing, Inc., to install a Built–Up Roofing ("BUR") system. At the time Anchor performed its work, it was the "Named Insured" under a series of materially identical general commercial liability policies issued by Preferred Contractors Insurance Company, LLC. Double AA, which was itself insured by Westfield Insurance Company, was added to Anchor's Preferred policies as an "Additional Insured."

¶ 3 After the theater project was completed, the BUR began to leak, causing damage to work installed by other subcontractors and causing Harkins to lose business. Harkins asked Double AA to replace the BUR. Double AA did so and filed an action in the superior court seeking indemnification from Westfield, Anchor, and Preferred on the theory that Anchor had not properly installed the BUR. Significantly, Double AA sought to recover only the cost of replacing the BUR, and not the cost of the damage to other property.

¶ 4 Double AA settled with Westfield and obtained a default judgment against Anchor. Preferred and Double AA filed cross-motions for summary judgment on the question whether Double AA's cost of replacing the BUR was a covered loss under the relevant policy. The court denied Preferred's motion and granted Double AA's, concluding that coverage was triggered by an "occurrence" and "property damage," and that a "subcontractor exception" clause removed the claim from the policy's "your work" exclusion provision. The court further concluded that the property damage had begun to manifest before the applicable policy expired and that Double AA's replacement efforts constituted compensable preventative measures.

¶ 5 The court entered an appealable judgment on liability, and Preferred timely appeals.

## DISCUSSION

¶ 6 We review summary judgment rulings, and the interpretation of insurance policies, de novo. *First Am. Title Ins. Co. v. Action Acquisitions, LLC*, 218 Ariz. 394, 397, ¶ 8, 187 P.3d 1107 (2008); *Andrews v. Blake*, 205 Ariz. 236, 240, ¶ 12, 69 P.3d 7 (2003).

¶ 7 Double AA prevailed in the trial court based on its arguments that the policy provides coverage for "property damage" caused by an "occurrence" that takes place within the coverage territory during the policy period. But even assuming that Double AA's expenditure could qualify for coverage as "property damage" caused by an "occurrence," coverage was defeated under the policy's terms, specifically the so-called "your work" exclusion and inapplicability of the "subcontractor" exception to that exclusion.

¶ 8 The policy "exclusion" removes from the scope of coverage " '[p]roperty damage'

to 'your work' arising out of it or any part of it and included in the 'products completed operations hazard.'" The "exception" provides that the exclusion does not apply "if the damaged work or the work out of which the damage arises was performed on *your* behalf *by* a subcontractor." (Emphases added.) The policy defines "your work" as including "[w]ork or operations performed by you or on your behalf" and "[m]aterials, parts or equipment furnished in connection with such work or operations." "You" and "your" mean "the Named Insured showed in the Declarations, and any other person or organization qualifying as a Named Insured under this policy." "Products completed operations hazard" is defined as "[i]nclud[ing] all … 'property damage' occurring away from premises you own or rent arising out of … 'your work,'" with exceptions that do not apply here.

¶ 9 Put simply, the exclusion applies because the case relates only to Anchor's defective work. The exception does not apply because the work was performed by Anchor acting as a subcontractor, not by a subcontractor acting on Anchor's behalf.

¶ 10 In general, a "your work" exclusion "prevent[s] liability policies from insuring against an insured's own faulty workmanship, which is a normal risk associated with operating a business." 9A Steven Plitt et al., *Couch on Insurance* § 129:18 (3d ed. 2016 & Supp. Dec. 2016) [hereinafter "*Couch*"]. The exclusion "discourages the performance of careless work" and "prevents liability insurance from becoming a performance bond." *Id.*

¶ 11 Our opinions concerning coverage do not define the scope of coverage in all cases—they merely interpret the way in which parties choose to allocate risk in private agreements. But we have consistently interpreted Commercial General Liability ("CGL") policy "your work" exclusions to bar coverage for the cost of repairing an insured's faulty work. In a duty-to-defend case, *United States Fidelity & Guaranty Corp. v. Advance Roofing & Supply Co., Inc.*, 163 Ariz. 476, 788 P.2d 1227 (App. 1989), we recognized that "some authorities … appear to conclude that the mere showing of faulty work is sufficient to bring a claim for resulting damages (of whatever nature) within policy coverage." 163 Ariz. at 482, 788 P.2d 1227. We opted to follow "the better reasoned authorities" that held otherwise. *Id.* We followed this line of authority in *Lennar Corp. v. Auto–Owners Insurance Co.*, 214 Ariz. 255, 262, ¶¶ 19–20, 151 P.3d 538 (App. 2007) (holding that faulty workmanship that causes property damage, not just faulty workmanship, constitutes an "occurrence" under the CGL policy) and *Desert Mountain Properties Limited Partnership v. Liberty Mutual Fire Insurance Co.*, 225 Ariz. 194, 206, 236 P.3d 421 (App. 2010) (holding that a specific policy exclusion for insured's faulty workmanship does not bar coverage for repair of damage *resulting from* the defective workmanship). Because of this exclusion, we need not reach the question whether the Named Insured's faulty work constitutes an "occurrence" unless an exception to the exclusion applies.

¶ 12 It is undisputed that Double AA sought to recover only the cost of repairing Advance's defective work, which occurred on premises owned or rented by Harkins. Because Double AA does not seek to recover for damage resulting from the defective work, the "your work" exclusion bars Double AA's recovery unless the "subcontractor exception" to the exclusion applies.

¶ 13 We hold that the exception does not apply. The only Named Insured is Anchor, and Anchor performed the defective work itself—not through a subcontractor. The reference in the "subcontractor exception" to work "performed on your behalf by a subcontractor" refers to work performed by a subcontractor of Anchor only—not to Anchor's work performed as a subcontractor of Double AA. *See Couch* § 40:27 ("[B]ecause the policy defines 'you' and 'your' as the named insured, the exception applies when someone else does work as the named insured's subcontractor, not when the named insured is a subcontractor.").

¶ 14 The policy language, though convoluted, leads us to this conclusion. The exception is limited to damage arising from work "performed on *your* behalf by a subcontractor." (Emphasis added.) Under the terms of the

policy, "your" refers to parties that qualify as "Named Insureds."

¶ 15 Double AA is an "Additional Insured" under the policy, not a "Named Insured." The relevant policy endorsements provide that: (1) an "Additional Insured" is an insured only for "your acts or omissions" or "the acts or omissions of those acting on your behalf, in the performance of your ongoing operations for the additional insured(s)"; and (2) an "Additional Insured" receives "coverage as if [the additional insured] was a Member . . . only . . . with respect to liability arising out of your ongoing operations performed for the original member listed on the Declarations of the Policy [i.e., the Named Insured] . . . [and] only providing that the Additional Insured performs all obligations required under the Policy."

¶ 16 Under the language of the policy, therefore, an Additional Insured's coverage is limited: an Additional Insured receives coverage for conduct of the Named Insured and certain of those acting on the Named Insured's behalf, and the Additional Insured is itself treated like a Named Insured, with coverage for its own conduct, only if such conduct relates to the Additional Insured's performance of ongoing operations for the original Named Insured. Here, Double AA performed no operations for Anchor. And while Double AA's coverage was coextensive with that of Anchor, it cannot be greater. Indeed, because coverage for Additional Insureds is limited, often no additional premium is required to add a party as an Additional Insured. *Couch* § 40:26. At oral argument in this case, Preferred's counsel acknowledged that no additional premium was paid to add Double AA to Anchor's CGL policy.

¶ 17 In effect, Double AA's argument would require us to hold that an Additional Insured could take advantage of the "subcontractor exception" while the Named Insured could not. Were we to interpret the "Additional Insured" coverage to allow recovery by Double AA for losses for which Anchor was not covered, we would effectively render the "your work" exclusion superfluous while requiring Preferred to accept greater risk with no compensation in the form of additional premiums. Such an interpretation would nei-

ther be rational nor consistent with the express language of the policy.

¶ 18 Double AA's reliance on the policy's "Separation of Insureds" provision to justify treating an Additional Insured on equal footing as a Named Insured is also misplaced. That provision provides that the policy applies "(a) As if each Named Insured were the only Named Insured; and (b) Separately to each insured against whom claim is made or 'suit' is brought." The provision merely ensures that each insured's coverage is determined separately. It does not transform an Additional Insured into a Named Insured.

¶ 19 The "subcontractor exception" to the "your work" exclusion does not apply. The policy, therefore, does not provide coverage to Double AA for repairing Anchor's faulty workmanship. The superior court therefore erred by granting Double AA's motion for summary judgment and denying Preferred's.

## CONCLUSION

¶ 20 We reverse the grant of summary judgment for Double AA and remand with instructions that the superior court enter summary judgment in favor of Preferred. *See PNL Asset Mgmt. Co. v. Brendgen & Taylor P'ship*, 193 Ariz. 126, 129, ¶ 10, 970 P.2d 958 ("Where cross-motions have been filed . . . the court may remand with instructions that judgment be entered in favor of appellant."). We deny Double AA's request for attorney's fees and costs on appeal. Preferred does not ask for attorney's fees, but it is entitled to recover its costs upon compliance with ARCAP 21.